IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CLEVELAND WINSTON KILGORE,   )
                               )  CIVIL ACTION NO: 9:08-3545-HFF-BM
        Plaintiff,        )
                               )
v.                          )
                               )  **REPORT AND RECOMMENDATION**
W. WALTER WILKINS; Attorney for the  )
United States, DARLENE DREW; Warden, )
TODD FELTS; DEWIGHT CASH;     )
LEONARD MILLER and G. JACKSON,   )
                               )
        Defendants.      )
_____)

      This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1]. Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges violations of his constitutional rights by the named Defendants.

      The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 13, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was

---

[1]In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



entered by the Court on January 14, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on January 26, 2009.

Defendants' motion is now before the Court for disposition.[2]

### **Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that he is currently detained by the Bureau of Prisons at the federal prison facility in Bennettsville, South Carolina. Plaintiff's complaint is largely indecipherable, but he does allege that the Defendants Jackson, Cash, Felts and Miller "intimidated, coerced, threatened, and verbally harassed [him] under the Warden [Defendant] Darlene Drew authority . . . ." Plaintiff also appears to allege that he is some type of ambassador entitled to international protections.

Plaintiff further alleges that on October 5, 2008, the Defendants Miller and Cash, together with others, either placed or had Plaintiff placed in a twenty-four hour disciplinary unit lock-down, where his clothes were taken from him and he was left "locked in a cold cell for 5 hours with no clothes." Plaintiff also alleges that later that same day the Defendant Jackson walked by his

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro se</u> prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



cell and "tried to intimate [him] by cursing and yelling through the cell door because [Plaintiff] was sitting down reading." Plaintiff seeks immediate release from prison, as well as One Billion Dollars in damages. See generally, Complaint.

Plaintiff has also filed a document styled "Supplemental Brief in support of civil claims . . . .", which again is largely indecipherable but which appears to contest his underlying criminal conviction on various grounds. Plaintiff also (apparently) continues to complain about the events of October 5, 2008, and he has attached to this filing several exhibits. It is unclear how these exhibits relate to his claims, although in one document he seems to return to his "Ambassador" argument, as he states that he is "a sovereign without subjects. I am a Foreign Nation, (not a person) who rules autonomously and am not subject to any entity or jurisdiction anywhere."

The Defendants have submitted numerous exhibits in support of summary judgment in this case. Defendants' Exhibit 1 shows that Plaintiff is serving a one hundred forty nine (149) month term of imprisonment following a conviction for bank fraud and aggravated identity theft in the United States District Court of the District of Maryland. Plaintiff is currently incarcerated at FCI Bennettsville with a projected release date of May 8, 2017 via good conduct time (GCT) release. See Defendants' Exhibit 2. Among the numerous exhibits submitted by the Defendants is an affidavit from Roy Lathrop, who attests that he is a paralegal specialist for the Bureau of Prisons, and that his official duties include the responsibility of researching logs and records maintain by the BOP concerning administrative remedies. Lathrop attests that he has conducted a diligent search of the administrative remedy records maintained by the BOP which reveals that Plaintiff has not filed any grievances under the BOP administrative remedy program concerning the issues raised by the Plaintiff in his complaint. While Lathrop also notes that Plaintiff attached a document to his



complaint which is styled "Private Administrative Remedy", he attests that that document is not an accepted form for use under the BOP administrative remedy program, nor can Plaintiff claim that he is unaware of the requirements for exhausting his administrative remedies because he has used the BOP's administrative program on several previous occasions, utilizing the accepted forms on each occasion. Lathrop attests that, by contrast, the document attached to Plaintiff's complaint purports to be some type of contract containing language that is largely indecipherable, nonsensible, and utterly frivolous. <u>See generally</u>, Lathrop Affidavit.

In the response Plaintiff filed to the Defendants' motion, Plaintiff does not address the assertions made by Lathrop in his affidavit or the Defendants' arguments that he failed to exhaust his administrative remedies prior to filing this lawsuit.

### <u>Discussion</u>

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of

- 4 -



material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

As noted, Defendants' assert, <u>inter alia</u>, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[4] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The undersigned can take judicial notice from numerous <u>Bivens</u> cases previously filed in this Court that the Federal Bureau of Prisons has a detailed grievance process which allows federal prison inmates to pursue administrative remedies for their grievances. <u>See</u> 28 C.F.R. §§ 542.10, <u>et seq</u>. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. Administrative complaints must be filed within 20 days of the date of the incident giving rise to the complaint occurred. 28 C.F.R. §542.14(a). The matter will be investigated, and a written response provided to the inmate. <u>Id</u>. If dissatisfied with the response, the inmate may appeal to the

---

[4] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

<u>Hartsfield v. Vidor</u>, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); <u>Neal v. Goord</u>, No. 99-253, 2001 WL 1178293 (2d Cir. Oct. 04, 2001) (quoting <u>Lawrence v. Goord</u>, 238 F.3d 182, 185 (2d Cir. 2001) (<em>per curiam</em>)).



Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review, and a claim has not been administratively exhausted until it has been filed with the General Counsel. 28 C.F.R. §542.15(a).

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, Defendants have submitted Lathrop's affidavit in which he attests that he has reviewed the administrative remedy records maintained by the BOP which confirm that Plaintiff has not filed any grievances under the BOP's administrative program concerning the issues raised in this complaint. Plaintiff does not contest this evidence in his response. Further, in his verified complaint, Plaintiff concedes that he did not properly pursue the BOP's administrative remedy process. Rather, Plaintiff states that the Defendants refused to accept his remedy form (apparently the one attached to his complaint). Plaintiff further concedes that he did not pursue any appeals of his claims through the administrative appeal process. See Verified Complaint, Section II.[5]

In sum, Defendants' evidence, and indeed Plaintiff's own verified statements, support a finding by this Court that Plaintiff failed to exhaust his administrative remedies with respect to any

---

[5]While Plaintiff also states in his Complaint that he tried to pursue an alternative administrative action by filing a "private administrative remedy contract" with the United States Attorney's Office, such action would not have constituted exhaustion of the prison administrative remedies. See 28 C.F.R. § 542.14(a); cf. United States v. Khan, 540 F.Supp. 2d 344, 351 (E.D.N.Y. 2007); McDaniel v. Driver, No. 07-133, 2008 WL 4279463 at * 3 (N.D.W.Va. Sept. 17, 2008); Muhammad v. Hamner, No. 05-91, 2008 WL 2307560 at * 4 (N.D.W.Va. June 4, 2008).



of his claims. *Cf.* Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; see also Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff].

Even if Plaintiff had attempted to properly exhaust his administrative remedies after he filed this lawsuit, and had in fact succeeded in doing so (of which there is no evidence), that would not allow Plaintiff to now proceed with this lawsuit. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)[Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. Therefore, as the evidence before this Court clearly shows that Plaintiff failed to exhaust his BOP administrative remedies prior to filing this lawsuit, this case must be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a).



## <u>Conclusion</u>

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 24, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

