

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| CLEVELAND WINSTON KILGORE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:08-3545-HFF-BM |
| | § | |
| MICHAEL MUKASEY, et al. | § | |
| Defendants. | § | |

ORDER

This case was filed as a *Bivens* action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion for summary judgment be granted and the case dismissed without prejudice for failure to exhaust administrative remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 24, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on April 7, 2009.

In his objections, Plaintiff fails to respond to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies before filing suit. Instead he continues with much of the same indecipherable legal jargon that he used in his complaint. Construed most liberally, Plaintiff argues that he has a valid antitrust claim under the Clayton Act and trademark infringement claim under the Lanham Act. Both claims stem from Plaintiff's assertion that he is "a Sovereign without subjects" and "a Foreign Nation (not a person) who rules autonomously and am not subject to any entity or jurisdiction anywhere." (Pl.'s Memo in Supp. 2.) Plaintiff suggests that when he was born, his birth certificate created an artificial entity, named "Cleveland Winston Kilgore" and that the government has been using that entity throughout this litigation and prior suits in violation of Plaintiff's trademark rights. His Clayton Act claim relates to the creation of this fictitious entity, and invokes the language of commercial paper. Both of these claims are meritless.

Additionally, the Court will deny Plaintiff's motion to reconsider the Magistrate Judge's Order of March 3, 2009, denying him prejudgment statutory relief. This motion was made in connection with Plaintiff's trademark dilution claim and is similarly without merit. The Court will construe the motion as an objection to the Magistrate Judge's Order. Applying the standard for evaluating objections to a Magistrate Judge's pretrial order set forth in Federal Rule of Civil Procedure 72(a), the Court finds that the Magistrate Judge's order was not clearly erroneous nor contrary to law. Thus, the Magistrate Judge's decision will be affirmed and Plaintiff's motion denied.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's

motion for summary judgment be **GRANTED** and the case **DISMISSED** *without prejudice* for failure to exhaust administrative remedies.  Further, Plaintiff's pending motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of April, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.